# IN THE COURT OF APPEALS OF IOWA

No. 21-1840
Filed August 17, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SARA MARGURITE CARMONA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine, John D. Telleen, Judge.


Sara Carmona appeals the sentences imposed after pleading guilty to possession of methamphetamine with intent to deliver and operating while intoxicated. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Sara Carmona appeals the sentences imposed after pleading guilty to possession of methamphetamine with intent to deliver and operating while intoxicated (OWI).[1]  The plea agreement provided for concurrent sentences, but Carmona could request that the court suspend them.  Following a hearing, the district court sentenced Carmona to concurrent terms of incarceration of no more than ten years for possession with intent to deliver and ninety days for OWI, declining to suspend them.  Carmona challenges the decision to deny her probation as recommended in the presentence investigation report.

We review Carmona's sentence for an abuse of discretion.  *See Damme*, 944 N.W.2d at 105–06 (stating that a sentence that falls within statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters" (citation omitted)).  We afford the district court considerable latitude in imposing sentence rather than second-guessing its decision.  *See id.* at 106.  The court abuses its discretion when it bases its decision "on grounds or for reasons that were clearly untenable or unreasonable."  *Id.* (citation omitted).

In imposing its sentence, the district court considered "the nature of the crime, the effect that the crime has upon members of the community, [Carmona's] willingness to accept change and treatment, and what's available . . . in the

---

[1] Iowa Code section 814.6(1)(a)(3) (2021) provides a right of appeal following a guilty plea only "for a class 'A' felony or in a case where the defendant establishes good cause."  Because "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges [the] sentence rather than the guilty plea," *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), we proceed to the merits of Carmona's appeal.

community to assist [her] in that process." It reviewed the presentence investigation report without considering any unproven charges. The court also referenced Carmona's education, lack of employment history, and mental health. It then noted its "significant concerns with the recommendation for probation in the presentence investigation report":

> There was a great deal of methamphetamine involved here indicating not personal use or even small scale sale distribution, but a large distribution of methamphetamine is a serious scourge to the community.
>
> I do, I agree with most of the comments by [the prosecutor]. You're 32 years old with simply no significant employment history whatsoever. That indicates to me somebody meeting their financial needs by distribution of a very dangerous narcotic: methamphetamine.
>
> I was also concerned by the likelihood that you take probation seriously or that you take being supervised in the community seriously because you were initially released after posting bond and taken back into custody, I believe, for . . . your failure to follow-up with pretrial supervision. And in the interest of protecting the community and deterrence of both you and others similarly situated, I believe unfortunately that incarceration is appropriate, and hopefully a period of incarceration will finally convince you to get out of the drug trade and make something of your life.

Carmona complains that "[t]here is no reason the court should have incarcerated [her] instead of giving her a chance and rehabilitation, especially since the Department of Corrections informed the court it had the resources needed to meet her needs without incarceration." She claims the court focused too heavily on her failure to report for the presentence investigation. She also argues that she has "very little criminal history," with a completed deferred judgment fifteen years earlier and only one misdemeanor conviction since.

Although Carmona makes a case for probation, she fails to show the district court abused its discretion in imposing sentences of incarceration. A different

judge on a different day may have imposed a different sentence, but that does not amount to an abuse of discretion. *See, e.g.*, *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) ("Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process." (citation omitted)). The district court provided valid reasons for rejecting probation and that support the sentences imposed. *See id.* (stating that "a district court did not abuse its discretion if the evidence supports the sentence"). Finding no abuse of discretion, we affirm.

**AFFIRMED.**